UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. Commodity Futures Trading Commission, | Civil No. 09-3332 (MJD/FLN) |
| Plaintiff, | |
| v. | |
| Trevor Cook, et al., | **REPORT AND RECOMMENDATION** |
| Defendants. | |
| and | |
| United States Securities and Exchange Commission, | Civil No. 09-3333 (MJD/FLN) |
| Plaintiff, | |
| v. | |
| Trevor Cook, et al., | |
| Defendants. | |

Steven C. Seeger for Plaintiff United States Securities and Exchange Commission.
Gregory M. Erickson & William F. Mohrman for Investor Respondents.
Adam S. Huhta for Respondent Dot Anderson.
Tara C. Norgard, Peter Kohlhepp & Marlee A. Jansen for Receiver.

**THIS MATTER** came before the undersigned United States Magistrate Judge on December 17, 2010 on Respondents' Amended Motions for an Order Dismissing Summary Proceedings (09-3332, ECF No. 411) (09-3333, ECF No. 454) and Investor Respondent Dot Anderson's Motions to Dismiss Petition and Summary Proceedings (09-3332, ECF No. 482) (09-3333, ECF No. 528). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that the motions be **DENIED**.

## I. BACKGROUND

On November 23, 2009, the United States Security and Exchange Commission ("SEC") and the United States Commodity Futures Trading Commission ("CFTC") filed complaints against Defendants alleging they had "engaged in a massive investment fraud." (09-3332, ECF No. 1 ¶ 1.) On the same date, R.J. Zayed was appointed Receiver ("Receiver"). On April 13, 2010, Defendant Trevor Cook pled guilty to one count of mail fraud and one count of tax evasion in connection with the alleged Ponzi scheme. On July 9, 2010, Receiver filed a Motion for an Order Allowing Summary Proceedings. On July 20, 2010, the District Court granted Receiver's motion. The Order directed Receiver to file a Summary Proceedings Petition, serve the "Petition" under Rule 4 on Respondents and give Respondents 21 days "under Rule 12" from the date of service to "[a]nswer or otherwise plead." (09-3332, ECF No. 350.)

On July 23, 2010, Receiver filed petitions for the return of receivership assets from all Respondents.[1] (09-3333, ECF No. 384; 09-3332, ECF No. 354.) The petitions assert two claims for relief against Respondents: (i) that each transfer made to Respondents on or after June 29, 2009 was "a fraudulent transfer as to the other investors defrauded by the scheme" pursuant to Minn. Stat. § 513.41, *et seq.*; and (ii) that "[e]ach Respondent has been unjustly enriched by the receipt of the preferential transfers from Receivership Entities made on or after June 29, 2009." (ECF No. 384 at 18, 19.) As set forth in the petitions, Receiver seeks the return of all funds received by each Respondent on or after June 29, 2009 "for equitable distribution to all defrauded investors and other creditors." (ECF No. 384 at 19.)

---

[1] Receiver filed the petitions against David Buysse, Steven and Pamela Cheney, Walter Defiel, John Dzik, Terry Frahm, Steven and Jenene Fredell, William Harris, Michael and Jennifer Heise, Michael and Cynthia Hillesheim, Larry Hopfenspirger, Steven Kautzman, James McIntosh, George and Karen Morrisset, Reynold Sundstrom, and Dot Anderson (collectively "Respondents").

Individual Respondents Steven and Pamela Cheney, David Buysse, Walter Defiel, Steven and Jenene Fredell, Michael and Jennifer Heise, Michael and Cynthia Hillesheim, Larry Hopfenspirger, Steven Kautzman, James McIntosh, George and Karen Morisset, Terry Frahm, and Reynold and Judith Sundstrom (collectively "Investor Respondents") have jointly moved to dismiss the summary proceedings against them pursuant to Rule 12 of the Federal Rules of Civil Procedure. Respondent Dot Anderson ("Respondent Anderson") has also independently moved to dismiss the petitions. Investor Respondents and Respondent Anderson have relied upon the standards set forth in Rule 12 of the Federal Rules of Civil Procedure in moving to dismiss the claims against them. Without expressing any opinion as to the applicability of the Federal Rules of Civil Procedure to summary proceedings generally, for purposes of the instant motions, the petitions against Respondents shall be evaluated in the same manner as civil complaints.

## II.   RELEVANT LEGAL STANDARD

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002).  For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002).  Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  A plaintiff must provide "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S. Ct. at 1949.

In sum, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Where the court finds that the facts alleged "do not permit the court to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. *Id.*, citing Fed. R. Civ. P. 8(a)(2).

### III. LEGAL ANALYSIS

Here, in order to survive the motions to dismiss, Receiver's claims against Respondents must be facially plausible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The facts alleged must allow this Court to draw a reasonable inference that Respondents are liable to Receiver for the misconduct alleged. *Id.*

**A.   Dot Anderson's Motions**

Investor Anderson argues that Receiver does not have standing to initiate suit in the first instance, and, in the alternative, that Receiver has failed to plead his claim for fraudulent transfer with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

**1.   Receiver Has Standing to Assert Claims Against Respondents**

Respondent Anderson argues that, because Receiver represents only the debtor receivership entities and is not a defrauded creditor, Receiver cannot properly assert claims for fraudulent transfer

and unjust enrichment against Respondents. The Court rejects Respondent Anderson's argument that the claims in this case do not belong to Receiver. By reason of the Order Allowing Summary Proceedings, Receiver stands in the shoes of creditors in asserting his claims. (*See e.g.* 09-3332, ECF No. 350 at 4 ("Receiver is authorized to proceed summarily against any third party recipient of asset transfers from Cook or any named Receivership entity . . . .")) The Court finds that Receiver has standing to bring suit against Respondents to recover any assets unlawfully dissipated by Defendants. *See Scholes v. Lehmann*, 56 F.3d 750, 755 (7th Cir. 1995) ("Now that the corporations created and initially controlled by Douglas are controlled by a receiver whose only object is to maximize the value of the corporations for the benefit of their investors and any creditors, we cannot see an objection to the receiver's brining suit to recover corporate assets unlawfully dissipated by Douglas. We cannot see any legal objection and we particularly cannot see any practical objection.").

### 2.  **Fraudulent Transfer Claim Survives**

Respondent Anderson also argues that Receiver has failed to meet the pleading standard of Rule 9(b) in asserting his claim for fraudulent transfer. Rule 9(b) of the Federal Rules of Civil Procedure requires that "the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). According to the Eighth Circuit Court of Appeals, the Rule means a party must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the representation and what was obtained or given up thereby." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (internal citations and quotations omitted). A plaintiff must ultimately plead the "who, what, where, when and how" of the fraud, because "conclusory allegations" will not suffice. *Id.* At the same time, Rule 9(b) is to be read "in harmony with the principles of notice pleading," so as to permit defendants to "respond specifically,

at an early stage of the case, to potentially damaging allegations of immoral or criminal conduct." *Id.* Thus, the degree of particularity required in a given case depends on, among other things, the nature of the case and the relationship between the parties. *Id.*

Assuming, without deciding, the applicability of Rule 9(b) to Receiver's claims of fraudulent transfer raised in the petitions against Respondents, the Court finds that Receiver has pled fraud with sufficient particularity to meet the requirements of Rule 9(b) and survive the instant motions to dismiss. Here, the facts alleged permit the Court to reasonably infer that Respondent Anderson is liable to Receiver for receiving a fraudulent transfer. In the petition, Receiver asserts that, after reading a newspaper article regarding the lawsuits filed against the receivership entities on July 15, 2009, Respondent Anderson asked her grandson, an employee of Defendant Trevor Cook, "to get her money out." (Pet. at 16.) The petition further alleges that Respondent Anderson never completed any paperwork to make the withdrawal request and that the return of her $102,000 investment constituted "a preferential transfer pursuant to the scheme and consist[ed] of Receivership funds." (*See* Pet. at 10.) Drawing all reasonable inferences in favor of Receiver from the facts alleged, the Court finds that Receiver has pled fraud with particularity sufficient to satisfy Rule 9(b).[2]

The Court finds that Receiver has standing to assert the claims raised against Respondents in the petitions and that Receiver has alleged adequate facts to support his claims against Respondent Anderson for fraudulent transfer and unjust enrichment. Respondent Anderson's motions to dismiss should be denied.

**B.     Investor Respondents' Motions**

Investor Respondents have also moved the Court to dismiss the petition in this case and to

---

[2] The Court, however, expresses no opinion as to which transfers, if any, constitute fraudulent transfers, and notes that such a determination is the purpose of the summary proceedings at issue.

require Receiver to instead proceed by filing a separate, ordinary civil action against each Respondent. Investor Respondents argue that, because they claim an absolute ownership right in the funds at issue, summary proceedings are inappropriate here.

The propriety of a summary proceeding turns on the sufficiency of process provided and the adequate safeguarding of the parties' interests. *See SEC v. Wencke*, 783 F.2d 829, 836 (9th Cir. 1986) ("[T]o determine the adequacy of a summary proceeding in a given case, courts must focus not on the *form* of the proceedings, but on their *substance*."); *SEC v. Elliott*, 953 F.2d 1560, 1567 (11th Cir. 1992) ("Summary proceedings are inappropriate when parties would be deprived of a full and fair opportunity to present their claims and defenses."). The distinction between summary and plenary proceedings is of no consequence where the respondents are afforded "virtually all of the procedural protections" that would be available in plenary proceedings. *See SEC v. Universal Financial*, 760 F.2d 1034, 1037 (9th Cir. 1985). In order to warrant dismissal of the summary proceedings and to require separate plenary proceedings against each Respondent, Investor Respondents must demonstrate prejudice that would result from the summary proceedings and show how they would be "better able to defend their interests in a plenary proceeding." *See Elliott*, 953 F.2d at 1567.

The Court rejects the contention that the law requires plenary proceedings here simply because Investor Respondents claim ownership rights in the assets that Receiver seeks to recover. The Court expresses no opinion as to whether Respondents are "relief defendants,"[3] but concludes simply that summary proceedings are appropriate in this case on the condition that Respondents are

---

[3] According to the Fifth Circuit Court of Appeals, a "relief defendant" or "nominal defendant" has "no ownership interest in the property that is the subject of litigation but may be joined in the lawsuit to aid the recovery of relief." *Janvey v. Adams*, 588 F.3d 831, 834 (5th Cir. 2009); *see also SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991); *SEC v. Ross*, 504 F.3d 1130, 1141 (9th Cir. 2007); *SEC v. Cavanaugh*, 155 F.3d 129, 136 (2d Cir. 1998).

provided all procedural rights and safeguards to which they are entitled pursuant to the Federal Rules of Civil Procedure. The Court, therefore, expressly states that the Federal Rules of Civil Procedure shall apply to the summary proceedings herein. Respondents have thus been granted all rights entitled to them under the Federal Rules of Civil Procedure.[4] In light of the Court's ruling that the Federal Rules of Civil Procedure shall govern, the Court concludes that summary proceedings will result in no prejudice to Respondents.

The claims against Respondents raised in the petitions are sufficient to survive the motions to dismiss. For the reasons articulated herein, the Court finds that Investor Respondents' and Respondent Anderson's motions should be denied.

### IV. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1) Respondents' Amended Motions for an Order Dismissing Summary Proceedings (09-3332, ECF No. 411) (09-3333, ECF No. 454) be **DENIED**; and

2) Investor Respondent Dot Anderson's Motions to Dismiss Petition and Summary Proceedings (09-3332, ECF No. 482) (09-3333, ECF No. 528) be **DENIED**.

DATED: February 25, 2011         *s/ Franklin L. Noel*
                                 FRANKLIN L. NOEL
                                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 11, 2011**, written objections which

---

[4] In the event that any Respondent wishes to take appeal from a final judgment, he or she may file a notice of appeal with the district court and appeal to the Eighth Circuit Court of Appeals. The Court expresses no opinion as to Respondents' right to a jury trial at this point in the proceedings, however, notes that nothing shall prevent Respondents from expressly demanding a jury trial, at which time the parties may litigate the issue.

specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **March 11, 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.