UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| R.J. Zayed, | Civil No. 11-CV-1042 (SRN/FLN) |
| Petitioner, | ORDER |
| v. | |
| David Buysse, Steven and Pamela Cheney, Walter Defiel, John Dzik, Terry Frahm, Steven and Jenene Fredell, William Harris, Michael Heise, Michael and Cynthia Hillesheim, Larry Hopfenspirger, Steven Kautzman, James McIntosh, George and Karen Morrisset, Reynold Sundstrom, and Dot Anderson, | |
| Respondents. | |

R.J. Zayed, Brian W. Hayes, Marlee A. Jansen, Peter Kohlhepp, Russell J. Rigby, and Tara C. Norgard, Carlson Caspers Vandenburgh & Lindquist, 225 South Sixth Street, Suite 3200, Minneapolis, Minnesota 55402, for Petitioner.

Adam S. Huhta, Huhta Law Firm, PLLC, 36 South Ninth Street, Suite 200, Minneapolis Minnesota 55402, for Respondent Anderson.

Gregory M. Erickson, James R. Magnuson, Tonetta T. Dove, and William F. Mohrman, Morhman & Kaardal, 33 South Sixth Street, Suite 4100, Minneapolis, Minnesota 55402, for Respondents Buysse, Cheney, Defiel, Dzik, Frahm, Fredell, Harris, Heise, Hillesheim, Hopfenspirger, Kautzman, McIntosh, Morrisset, and Sundstrom.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of

Magistrate Judge Franklin L. Noel dated February 25, 2011 [Doc. No. 64]. In the R&R,

1

Magistrate Judge Noel recommended that this Court deny Respondents' Motions to Dismiss. Respondents Buysse, Cheney, Defiel, Dzik, Frahm, Fredell, Harris, Heise, Hillesheim, Hopfenspirger, Kautzman, McIntosh, Morrisset, and Sundstrom (collectively, the "Investor Respondents") and Respondent Anderson filed timely objections to the R&R. [Doc. Nos. 70, 72.]

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R and denies the Motions to Dismiss.

**I.     BACKGROUND**

This matter arises out of two lawsuits filed in this District against disgraced investment manager Trevor Cook by the U.S. Commodities Futures Trading Commission ("CFTC"), Civ. No. 09-3332, and the U.S. Securities and Exchange Commission ("SEC"), Civ. No. 09-3333. These lawsuits are currently pending in this District before Chief Judge Michael J. Davis. The lawsuits in turn arise out of Cook's participation in and direction of a Ponzi scheme that resulted in losses totaling more than $158 million. Cook pleaded guilty to mail fraud and tax evasion and in August 2010 he was sentenced to 25 years in prison. (See Sentencing Judgment at 2, United States v. Cook, Crim. No. 10-75 (D. Minn. Aug. 25, 2010) [Doc. No. 18].)

In November 2009, on the SEC's Motion, Chief Judge Davis appointed R.J. Zayed, Petitioner here, to be the Receiver for Cook's assets.[1] (Order, SEC v. Cook, Civ. No. 09-3333

---

[1] There are assets of other entities involved in the two underlying lawsuits, but for ease of reference the Court will refer to the assets involved as belonging to, or attributable to, Cook.

(D. Minn. Nov. 23, 2009) [Doc. No. 13].)  In July 2010, the Receiver moved for an order allowing him to institute summary proceedings "against third party recipients of funds or assets transferred from or by Trevor Cook or any of the Receivership entities."  (Mot. for Order Allowing Summ. Proceedings at 3, CFTC v. Cook, Civ. No. 09-3332 [Doc. No. 340].)  Chief Judge Davis granted the Receiver's Motion, finding that "[s]ummary proceedings for the purpose of recovering investor assets transferred to third parties by Cook pursuant to the Ponzi scheme are appropriate as a means to ensure consistent treatment of the various recipients of the transfers, promote judicial efficiency, and decrease litigation costs for the Receivership."  (Order at 4, CFTC v. Cook, Civ. No. 09-3332 (D. Minn. July 20, 2010) [Doc. No. 350].)  As will be discussed in more detail below, this Order also applied the Federal Rules of Civil Procedure to the summary proceedings, requiring the Receiver to serve papers pursuant to Rule 4, requiring the recipients to answer or otherwise plead pursuant to Rule 12, and providing that the expedited discovery the Order contemplated "shall be conducted according to the Federal Rules of Civil Procedure . . . ."  (Id. at 4-5.)

On July 23, 2010, the Receiver filed Petitions for Return of Receivership Assets against the Investor Respondents and Respondent Anderson (Petitions for Return of Receivership Assets, CFTC v. Cook, Civ. No. 09-3332 [Doc. Nos. 354, 355]).  In lieu of answering the Petitions, the Investor Respondents and Respondent Anderson filed Motions to Dismiss the Petitions.[2]  (Zayed v. Buysse, Civ. No. 11-1042 [Doc. Nos. 13, 15].)  Chief Judge Davis referred the Motions to Magistrate Judge Noel, who held a hearing on the Motions in December 2010 and

---

[2] Investor Respondent William Harris filed an Answer to the Petition (Doc. No. 10), but also joined in the Motion to Dismiss.

recommended denial of the Motions in the February 25, 2011, R&R that is currently before the Court. In April 2011, Chief Judge Davis ordered that the two Petitions at issue in the R&R be severed from the remaining case and that the Clerk of Court randomly reassign the severed action. (Order at 2, <u>CFTC v. Cook</u>, Civ. No. 09-3332 [Doc. No. 715] (D Minn. Apr. 19, 2011).) Pursuant to that Order, the undersigned was assigned to preside over the Petitions, including the objections to Magistrate Judge Noel's R&R.

As noted, two Motions are the subject of the R&R. The first Motion is that of the Investor Respondents. In the Motion, they claim that the institution of summary proceedings against them violates principles of due process. They ask the Court to dismiss the Receiver's Petition against them and to require the Receiver to proceed through regular litigation to attempt to recover the allegedly ill-gotten funds. The Investor Respondents call their preferred proceedings "plenary" proceedings, and argue that the summary proceedings may not allow for a jury determination, or for full appellate review, among other procedural shortcomings.

The second Motion is brought by investor Dot Anderson alone. Anderson is in a rather unique situation. Ms. Anderson is the grandmother of Cook employee Grant Grysbowski. Through Grysbowski, she invested $102,000 in Cook's Ponzi scheme. When she read media accounts about Cook's legal difficulties, she asked her grandson to refund her money. Anderson's $102,000 investment was returned to her. Her Motion raises a variety of legal issues, including whether the Receiver has standing to bring the Petitions, whether the fraud alleged was pled with the particularity Rule 9(b) requires, and whether Anderson can be liable under a theory of unjust enrichment.

II.     DISCUSSION

As an initial matter, the Receiver points out that neither the Investor Respondents nor Respondent Anderson have filed a transcript of the proceedings before Magistrate Judge Noel. The R&R clearly states that, unless all parties stipulate that a review of the transcript is not necessary, any party objecting to the R&R is required to file the transcript contemporaneously with the party's objections. (R&R at 9 [Doc. No. 64].) The Receiver did not stipulate that the transcript was unnecessary. However, given that the objections fail on their merits, the Court will not dismiss them for this procedural failure.

### A.     Standard of Review

Magistrate Judge Noel correctly relied on case law interpreting Rule 12(b)(6) of the Federal Rules of Civil Procedure for the standard of review applicable to the Motions to Dismiss. Under 12(b)(6), the Court assumes all facts in the Petition to be true and construes all reasonable inferences from those facts in the light most favorable to the Receiver. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). The Court may consider the Petition, matters of public record, orders, materials embraced by the Petition, and exhibits attached thereto in deciding the Motions to Dismiss. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive the Motions to Dismiss, the Petition must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Although the Petition need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. Thus, the Petition must allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Id. at 556.

### B. Applicability of Federal Rules of Civil Procedure

Underpinning much of the Investor Respondents' arguments here is the applicability of the Federal Rules of Civil Procedure to the summary proceedings envisioned by Chief Judge Davis's July 20, 2010, Order. Magistrate Judge Noel concluded that the Rules would apply to the summary proceedings, and although no party objects to that conclusion, it is worth repeating here. This is a summary proceeding, not some sort of ancillary quasi-judicial proceeding. Accordingly, as explicitly contemplated by the July 20, 2010, Order, and as Magistrate Judge Noel found, the protections and requirements of the Federal Rules of Civil Procedure apply to the proceeding.

### C. Due Process

Despite the R&R's conclusion that the Rules of Civil Procedure will apply to the summary proceedings, the Investor Respondents still contend that their due process rights will somehow be curtailed by the summary nature of the proceeding. The only difference between the summary proceedings and a "plenary" proceeding, however, is that the Chief Judge limited the scope of discovery in the summary proceeding, and discovery is generally not so limited in regular civil litigation. (See Order at 5, CFTC v. Cook, Civ. No. 09-3332 (D. Minn. July 20, 2010) [Doc. No. 350] (limiting discovery to "[t]he amount and/or value of Receivership funds or assets received; and [] any statutory or common law defenses the third[-party] recipient of Receivership assets may wish to raise").)

Investor Respondents argue that the Magistrate Judge erred in failing to determine whether a jury was available in the summary proceeding. But as they admit, they did not demand a jury, and thus the jury issue was not ripe for Magistrate Judge Noel's review. They

have now filed an Answer with a jury demand. The Receiver, however, has represented to the Court that he will not challenge the Investor Respondents' right to a jury trial on any issues triable to a jury. Thus, there is no live controversy with respect to the availability of a jury trial. Should the issues that remain after pre-trial motion practice be issues that are traditionally tried to a jury, Investor Respondents will have the right to a jury to decide those issues.

Investor Respondents next contend that the R&R failed sufficiently to address their concerns about what standard of review the Eighth Circuit Court of Appeals might apply to the results of the summary proceedings. Putting aside that this Court may not speak for the appellate court, the R&R in fact did its best to allay Investor Respondents' fears, confirming that Investor Respondents may take an appeal to the Eighth Circuit. (R&R at 8 n.4.) Whether the appellate court chooses to review the issues de novo, for clear error, or under some other standard of review does not change the fact that Investor Respondents have the right to appeal any adverse determination. The right to appeal protects Investor Respondents' due process rights.

Finally, Investor Respondents complain that the R&R failed to address their fears that they will suffer some sort of prejudice because of the summary nature of the proceedings at issue. As the Receiver points out, however, Investor Respondents have utterly failed to specifically point to any prejudice they may suffer. They ask rhetorically why summary proceedings are necessary (Investor Resp'ts' Obj. at 3 [Doc. No. 70]), but the answer to that question is self-evident. It is much more efficient to have a single summary proceeding, brought by a single entity, than it would be to have multiple lawsuits, brought by purported creditors or other injured parties. Moreover, the limitation on the scope of the proceedings will streamline the litigation, focusing the parties' attention on only those issues necessary to determine the

underlying allegations. And finally, of course, is the need for a faster resolution than regular "plenary" litigation can afford. Cook's many victims continue to suffer from their losses and the faster some portion of restitution can reach them the better.

Investor Respondents' objections are without merit, and their Motion to Dismiss is denied.

### D.     Receiver's Standing

Respondent Anderson asks the Court to decline to adopt the R&R because she contends that the Receiver is not the appropriate party to bring the Petition's fraudulent transfer and unjust enrichment claims. She argues that the Receiver is attempting to assert the claims of Cook's creditors, but he is only empowered (both by Court order and under constitutional standing principles) to assert the claims of the Receivership Entities.

Anderson's argument, however, ignores the difference between a receivership in the usual case, such as a bankruptcy receivership, and a receivership in a case involving a Ponzi scheme. In a Ponzi scheme, the entities used to further the fraud, in whatever corporate form, are instrumentalities of the scheme but they are also victims of the scheme. As Judge Posner explained in Scholes v. Lehmann, 56 F.3d 750, 754 (7th Cir. 1995), once a Ponzi scheme's operator is no longer in the picture, the entities are "[f]reed from his spell" and become "entitled to the return of the moneys—for the benefit not of [the operator] but of innocent investors—that [the operator] had made the corporations divert to unauthorized purposes." Thus, there can be no objection, either legal or practical, "to the receiver's bringing suit to recover corporate assets unlawfully dissipated by [the scheme's operator]." Id. at 755.

In other words, because the Receivership Entities were also the victims of the fraud and

are, like the defrauded investors, tort creditors of Cook's Ponzi scheme, the Receiver has standing to assert fraudulent transfer and unjust enrichment claims on behalf of the Entities.[3] Anderson's objection on this point is without merit.

### E. Failure to State a Claim

In her Motion to Dismiss, Anderson argued that the Receiver's Petition fails to state a claim on which relief can be granted for unjust enrichment and that the Petition does not sufficiently allege an injury to the Receivership Entities to support the Receiver's claims. Anderson contends in her objections that the R&R failed to address these theories. But a failure to address a specific argument is not itself a reason for overturning the Magistrate Judge's decision. Rather, the R&R's failure to address a theory is tantamount to the R&R rejecting the theory without comment, and the Court will review that rejection de novo.

Neither of Anderson's arguments has any merit. The Petition states a claim for unjust enrichment because it specifically alleges facts that, if true, establish all of the elements of unjust enrichment against Anderson, and because those allegations are plausible on their face. Twombly, 550 U.S. at 545. Whether Anderson may have an affirmative defense to the Receiver's unjust enrichment claim is irrelevant for the purposes of evaluating whether the Petition states a claim. Rather, the Court must look only at the plausible allegations in the Petition. Here, those allegations are more than sufficient to state a claim.

---

[3] Anderson also contends, in "Objection No. 2," that the R&R incorrectly relied on Scholes, because that case is distinguishable from this matter. (Resp't Anderson's Obj. at 10 [Doc. No. 72].) Whatever the slight differences between this case and the facts of Scholes, however, that seminal decision clearly elucidated the changeling-like nature of entities involved in a Ponzi scheme and the effect of that dual role on claims a receiver may bring. The portions of Scholes on which the R&R relied thus apply fully to the matter before the Court.

Moreover, merely because Anderson invested $102,000 in the Ponzi scheme does not mean that she was entitled, either equitably or contractually, to the return of 100% of that money. The payment to Anderson undoubtedly dissipated the assets of the Receivership Entities and, in turn, made less money available to other defrauded investors. Anderson's "inside track" to recover the amount she invested artificially increased her priority in the line of Cook's creditors. The Court cannot say as a matter of law that it is not unjust enrichment for one investor in a Ponzi scheme to recover the full amount of her investment and for others to recover nothing. "Whether the circumstances of the payments to [Anderson] were, in fact, inequitable as to the Receivership Entities . . . [is an] issue[] not appropriate for resolution on a motion to dismiss." In re Burton Wiand Receivership Cases, No. 8:05cv1856, 2008 WL 818504, at *6 (M.D. Fla. Mar. 26, 2008).

Finally, Anderson's contention that the Receiver failed adequately to allege an injury is patently incorrect. The Petition alleges that the Receivership Entities were injured when Anderson received a preferential, and unauthorized, distribution of the Entities' assets. (See Petition ¶ 31(o)-32 [Doc. No. 1].) Anderson's objection on this point mirrors her objection regarding the Receiver's standing. She fails to recognize that the Entities themselves are victims, and thus that unauthorized dissipation of the Entities' assets not only injured individual investors, but also injured the Entities. Her objection is denied.

### G.     Rule 9(b)

Anderson's final two objections assert that the Receiver has failed to plead the fraud and fraudulent transfer claims with the particularity Rule 9(b) requires. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

10

Fed. R. Civ. P. 9(b). According to Anderson, rather than plead his claims with the required particularity, the Receiver merely "parrot[s] the legal elements of a cause of action without providing any factual support for the claims." (Anderson's Obj. at 14.)

Contrary to Anderson's arguments, however, a review of the Petition reveals a thorough, detailed explanation of the scheme at issue and the Respondents' role in that scheme. The Petition describes Cook's Ponzi scheme, and alleges that all transfers made by the Receivership Entities during the pendency of the scheme "were transferred pursuant to the Ponzi scheme." (Pet. ¶¶ 21-22.) By definition, transfers "pursuant to [a] Ponzi scheme" are fraudulent transfers. Moreover, the Petition clearly alleges that Cook knew that what he was doing was fraudulent, thus satisfying the scienter element of the fraud and fraudulent transfer claims.

Anderson also contends that the Magistrate Judge's conclusion that the Petition's allegations satisfy Rule 9(b) is erroneous because the R&R relied on the Petition's alleged assertion that the transfer of money to Anderson was a preferential transfer. She argues that the preferential nature of the transfer is irrelevant for a fraudulent transfer claim. But the preferential transfer allegations are relevant to the unjust enrichment claim, and indeed form one of the underpinnings for that claim: if the transfer to Anderson was not unjustly preferential as to the Receivership Entities and the other investors, there would likely be no claim for unjust enrichment at all. The Receiver does not rely on the preferential nature of the transfers to Anderson in his claim for fraudulent transfer. Thus, the R&R's discussion of the preferential transfer allegations was correct.

Anderson's objections regarding Rule 9(b) are without merit. Her Motion to Dismiss must be denied.

11

### III. CONCLUSION

Neither the Investor Respondents nor Respondent Anderson have established that the Petition fails to state a claim on which relief can be granted.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Noel's Report and Recommendation [Doc. No. 64] is **ADOPTED**;
2. The Investor Respondent's Motions to Dismiss [Doc. Nos. 13, 15] are **DENIED**; and
3. Respondent Anderson's Motions to Dismiss [Doc. Nos. 25, 26] are **DENIED**.

Dated:   June 1, 2011

                          s/Susan Richard Nelson
                          SUSAN RICHARD NELSON
                          United States District Judge